Steven Richard ICKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–99–01355–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 25, 2001.

**914**

improperly took judicial notice of scientific evidence relied upon by the State, *to wit:* the reliability of the radar instrument used to gauge a vehicle's speed. We affirm.

## BACKGROUND

The facts of this case are not in dispute. On January 2, 1999, Officer Lance Platt of the City of College Station Police Department, in Brazos County, was a passenger in a patrol car traveling northbound on a highway when he noticed appellant's car heading southbound.[1] The officer observed appellant's car traveling ahead of other southbound cars and, in his opinion, in excess of the 45 miles-per-hour speed limit. To confirm his belief, Officer Platt used his hand-held radar, which indicated that appellant was traveling at a speed of 57 miles per hour. After stopping appellant, the officer determined that appellant was intoxicated, and arrested him.

Kyle Hawthorne, Bryan, for Appellant.

James Kuboviak, Spencer R. Giles, Bryan, for the State.

Panel consists of Justices MIRABAL, NUCHIA, and PRICE.*

## OPINION

NUCHIA, Justice.

Appellant, Steven Richard Icke, was charged with driving while intoxicated, after being stopped for speeding. He filed a motion to suppress, contesting the legality of the stop. A hearing was held by the trial court, and the motion was denied. Appellant then pleaded guilty pursuant to a plea agreement. In this appeal, he raises two points of error: (1) that the trial court erred in denying appellant's motion to suppress; and (2) that the trial judge

## DISCUSSION

The sum of appellant's two points of error is that the trial court abused its discretion in taking judicial notice of the scientific reliability of the radar during the suppression hearing. Appellant contends that the sole basis for the stop by the officer was the radar reading.

Appellant argues the evidence of the radar's reading is inadmissible because its admission violates Rule 702 of the Texas Rules of Evidence, and no other evidence was relied upon by the officer to justify appellant's stop, so his stop was illegal and all ensuing evidence should be suppressed. Appellant points out that, in *Kelly v. State,* 824 S.W.2d 568, 573 (Tex.Crim.App.1992), the Court of Criminal Appeals articulated a set of factors which the proponent of expert testimony or evidence based on scientific theory must show by clear and con-

---

\* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. The officer was in the passenger seat because he was supervising and training a new officer.

vincing evidence.[2] In *Hartman v. State,* 946 S.W.2d 60 (Tex.Crim.App.1997), the court concluded that the *Kelly* factors apply to all evidence based on a scientific theory and not just to evidence based on novel scientific theories. *Id.* at 63. Relying on these pronouncements, the El Paso Court of Appeals has concluded that "although radar is a familiar concept, it is based on a scientific theory and therefore subject to proof of reliability and relevance under *Kelly.*" *Ochoa v. State,* 994 S.W.2d 283, 284 (Tex.App.—El Paso 1999, no pet.).

Although the question whether the trial judge could properly take judicial notice of the scientific reliability of the radar is an interesting one, we do not reach it because we conclude that the officer had reasonable suspicion to stop appellant, making the ensuing warrantless arrest legal.

### Motion to Suppress

 Unless there is an abuse of discretion, a trial court's ruling on a motion to suppress evidence will not be set aside. *Taylor v. State,* 945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet ref'd). The court will afford almost total deference to a trial court's determination of historical facts that the record supports, especially when the findings are based on the evaluation of credibility and demeanor. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim.App.1997). The fact-finder is the sole judge of the witness's credibility and may accept or reject any or all of the witness's testimony. *Taylor,* 945 S.W.2d at 297. In reviewing a ruling on a question of application of law to facts, we review the evidence in the light most favorable to the trial court's ruling. *Guzman,* 955 S.W.2d at 89. However, we review de novo a trial court's determination of reasonable suspicion and probable cause. *Id.* at 87.

### Reasonable Suspicion

 Circumstances short of probable cause to arrest may justify a temporary detention for the purpose of investigation. *Daniels v. State,* 718 S.W.2d 702, 704–05 (Tex.Crim.App.1986). To justify an investigative detention, the officer must have sufficient articulable facts which, based on his experience and personal knowledge, and coupled with logical inferences from those facts, warrant the intrusion on the detainee. *Joseph v. State,* 865 S.W.2d 100, 102 (Tex.App.—Corpus Christi 1993, pet. ref'd).

To support his theory of the case, that the only evidence relied upon by Officer Platt to stop appellant was the reading on the radar, appellant cites the following exchange between his counsel and Officer Platt:

Q: Officer Platt, I hate to keep beating this. If you hadn't have read what was on the radar machine, would you have pulled Mr. Icke over?

A: That particular night, no sir.

 In addressing appellant's argument, we first note that he does not dispute that the officer could have stopped him for speeding without the use of the radar. The determination of the presence of reasonable suspicion is a factual one and is made and reviewed by considering the totality of the circumstances at the of time the stop. *Loesch v. State,* 958 S.W.2d 830, 832 (Tex.Crim.App.1997) (noting that "facts that do not show reasonable suspicion in isolation may do so when combined with other facts"). Contrary to appellant's assertion, our review of the record reveals that Officer Platt also testified that he actually formed the opinion that appellant was exceeding the speed limit without the use of the radar:

Q: When you observed that vehicle, in your observations, regardless of what the—any radar unit said, did you determine whether or not

---

**2.** The factors are: (1) the underlying scientific theory must be valid; (2) the technique applying the theory must be valid; and (3) the technique must have been applied properly on the occasion in question. *Kelly v. State,* 824 S.W.2d 568, 573 (Tex.Crim.App.1992).

you believed that vehicle to be exceeding the posted speed limit?

A: Yes, sir. I believe the vehicle was exceeding the posted speed limit.

Q: And was that based upon your observations or the radar instrument?

A: That was based upon a combination of both, my observations of seeing the vehicle and then my observations of the radar unit itself.

Q: So what I'm trying to determine, Officer, is, in laymen's language, when you saw it, did you know it was going past the speed limit?

A: Yes, sir, I did.

Officer Platt also testified that the radar merely confirmed his suspicion that appellant was speeding. These factors, considered alone or in combination with the radar, rise to the level of reasonable suspicion. Additionally, even assuming, *arguendo,* that the radar provided the sole basis for Officer Platt's stop, that fact alone does not change our conclusion. A stop that meets the test for reasonable suspicion is lawful even if the facts supporting the stop are ultimately shown to be inaccurate or false. *Kelly v. State,* 721 S.W.2d 586, 587 (Tex.App.—Houston [1st Dist.] 1986, no pet.) (citing *Williams v. State,* 621 S.W.2d 613, 615 (Tex.Crim.App. 1981)). The trial judge did not abuse his discretion in denying appellant's motion to suppress. We, therefore, overrule appellant's points of error.

We affirm the judgment of the trial court.