Opinion issued May 25, 2006








     









In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00660-CR




MATTHEW BRENT DAVIDSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 6 
Harris County, Texas
Trial Court Cause No. 1279950




MEMORANDUM OPINIONAppellant, Matthew Brent Davidson, was charged with the misdemeanor
offense of driving while intoxicated (DWI). After the trial court denied appellant’s
pretrial motion to suppress, appellant pled guilty to the DWI offense and pled “true”
to the allegations in the enhancement paragraph that appellant had a previous
conviction for DWI. The trial court sentenced appellant to confinement for one year,
suspended for two years of community supervision, and assessed a $400 fine. In
three issues, appellant challenges the denial of his motion to suppress.
          We affirm.
Background
          At the hearing on the motion to suppress, the trial court heard the testimony of
Houston Police Officer Donald Egdorf. The following is a summary of Officer
Egdorf’s testimony. 
          On January 14, 2005, at approximately 2:45 a.m., Officer Egdorf was patrolling
on the west side of Houston when he noticed appellant driving a white Expedition. 
Appellant was traveling on Chimney Rock Road and approaching the Southwest
Freeway. Officer Egdorf observed that appellant was swerving back and forth within
his lane. Officer Egdorf found appellant’s swerving to be “unsafe” and “unusual.”
          Using the computer in his patrol car, Officer Egdorf checked appellant’s
license plate number and learned that appellant’s vehicle registration had expired and
that appellant had outstanding city warrants. As appellant was about to enter the
freeway, Officer Egdorf, who was following appellant, activated the emergency lights
on his patrol car and initiated a traffic stop on the entrance ramp to the freeway. 
          When he approached the vehicle, Officer Egdorf noticed that the registration
sticker on appellant’s windshield was expired. Officer Egdorf also noticed that
appellant’s breath smelled of alcohol and that appellant’s speech was slurred. The
stop ultimately resulted in appellant being charged with DWI. 
          Appellant filed a motion to suppress the evidence obtained as a result of the
stop by Officer Egdorf. The trial court denied the motion, and appellant appeals that
ruling.
Standard and Scope of Review
          We review a trial court’s ruling on a motion to suppress for an abuse of
discretion. Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). In a
hearing on a motion to suppress, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given to their testimony. Romero v.
State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Because the trial court observes
the demeanor and appearance of the witnesses, it may believe or disbelieve all or any
part of a witness’s testimony, even if that testimony is not controverted. See Hawes
v. State, 125 S.W.3d 535, 538 (Tex. App.—Houston [1st Dist.] 2002, no pet.); see
also Mattias v. State, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987). We will sustain
the trial court’s ruling on the admissibility of the evidence if the ruling is reasonably
supported by the record and is correct on any theory of law applicable to the case. 
Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). 
Reasonable Suspicion Required for Stop
          A routine traffic stop closely resembles an investigative detention. Martinez
v. State, 29 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (citing
Berkemer v. McCarty, 468 U.S. 420, 439, 104 S. Ct. 3138, 3149–50 (1984)). Law
enforcement officers may stop and briefly detain a person for investigative purposes
on less information than would be required to support a custodial arrest, which
requires a probable cause determination. Id. (citing Terry v. Ohio, 392 U.S. 1, 21–22,
88 S. Ct. 1868, 1879–81 (1968)). Before an investigative detention is justified, the
officer must possess reasonable suspicion to detain the suspect, i.e., the officer must
have specific, articulable facts, which, in light of his experience and general
knowledge, together with rational inferences from those facts, would reasonably
warrant the intrusion on the freedom of the citizen stopped for investigation. Gurrola
v. State, 877 S.W.2d 300, 302 (Tex. Crim. App. 1994). The articulable facts “must
create some reasonable suspicion that some activity out of the ordinary is occurring
or has occurred, some suggestion to connect the detainee with the unusual activity,
and some indication the unusual activity is related to crime.” Garza v. State, 771
S.W.2d 549, 558 (Tex. Crim. App. 1989). There need only be an objective basis for
the stop; the subjective intent of the officer is irrelevant. Garcia v. State, 43 S.W.3d
527, 530 (Tex. Crim. App. 2001).
          When a police officer stops a defendant without a warrant and without the
defendant’s consent, the State has the burden at a suppression hearing of proving the
reasonableness of the stop within the totality of the circumstances. See Hulit v. State,
982 S.W.2d 431, 436 (Tex. Crim. App. 1998); Russell v. State, 717 S.W.2d 7, 9–10
(Tex. Crim. App. 1986); see also Garcia, 43 S.W.3d at 530. In conducting the
totality of the circumstances determination, the reviewing court uses a bifurcated
standard of review: (1) giving almost total deference to a trial court’s determination
of historical facts and application of law to fact questions that turn on credibility and
demeanor and (2) reviewing de novo the application of law to fact questions that do
not turn on credibility and demeanor. Garcia, 43 S.W.3d at 530. We give almost
total deference to the trial court in determining what the actual facts are and review
de novo whether those facts are sufficient to give rise to reasonable suspicion. Id.
Analysis of Stop at Issue
          Appellant challenges the denial of his motion to suppress in three issues. 
Specifically, appellant contends that (1) “the trial court erred in denying appellant’s
motion to suppress evidence seized following an illegal, warrantless traffic stop”; (2)
“the warrantless traffic stop and detention of appellant was unreasonable and in
violation of the Fourth Amendment of the United States Constitution;” and (3) “the
evidence seized following the warrantless stop and arrest of appellant is inadmissible
pursuant to article 38.23(A)” of the Texas Code of Criminal Procedure.
A.      Basis for Stop
          In support of these three issues, appellant argues that “[t]he State did not
produce evidence which provided articulable facts that a traffic violation had
occurred or that Appellant was engaging in any criminal activity.” Appellant
contends that Officer Egdorf initiated the stop either because the officer saw appellant
weave within his own lane or because he saw appellant swerve as he was entering the
freeway. Citing supporting case law, appellant contends that neither can be a basis
to show that Officer Egdorf possessed the requisite reasonable suspicion to initiate
the traffic stop. 
          Appellant first claims that the record affirmatively shows that Officer Egdorf
stopped him for drifting within his own lane. Appellant contends that Officer Egdorf
testified that he turned on his emergency lights to initiate the stop based on the
officer’s observation that appellant was “jerking” right to left within his own lane on
Chimney Rock Road. When asked by the State to articulate for the trial court
“exactly what led you to believe you had this reasonable suspicion to stop” appellant,
Officer Egdorf responded as follows: “My initial reasonable suspicion came from the
swerving back and forth, then the expired tag and . . . the warrant hit on the vehicle.” 
Appellant contends that this shows that the stop was based on appellant’s “swerving
back and forth.” 
          On cross-examination, Officer Egdorf testified that what initially caught his
attention was appellant’s swerving within his own lane on Chimney Rock. When
asked if that was the basis for the stop, Officer Egdorf clarified that the swerving was
the basis for checking appellant’s license on the computer. Officer Egdorf testified
that he “ran” appellant’s license plate on his computer before he made the stop. On
recross-examination when directly asked whether he made the decision to stop
appellant’s vehicle based on the driving that he saw, Officer Egdorf responded, “No,
sir.” 
          Appellant next contends that the evidence showed that Officer Egdorf stopped
him because the officer saw him swerve as he entered the freeway. At the
suppression hearing, appellant introduced a copy of the videotape taken from Officer
Egdorf’s patrol car. The recording device for the videotape was activated when
Officer Egdorf turned on his emergency lights to stop appellant as appellant entered
the freeway. Appellant points out that the videotape shows Officer Egdorf asking
appellant if his vehicle was experiencing mechanical problems because it was jerking
back and forth as appellant entered the freeway. Appellant argues that this is
“indisputable evidence of the reason for the traffic stop.” According to appellant,
“[t]he only reason for the traffic stop was that the officer observed the vehicle jerk as
it entered the freeway, which indicated possible mechanical problems.” 
          Appellant also contends that the record shows that his swerving as he entered
the freeway was the basis for the stop by arguing that the evidence indicated that
Officer Egdorf never saw appellant swerve within appellant’s own lane on Chimney
Rock, but instead saw appellant swerve only as he entered the freeway. In addition
to the videotape, appellant points to photographs of Chimney Rock Road that he
introduced at the suppression hearing. Apparently attacking Officer Egdorf’s
credibility, appellant asserts that Officer Egdorf testified that Chimney Rock had
three lanes but the that photographs show five lanes. Appellant also points out that
Officer Egdorf had only one-half of a block to observe appellant’s driving on
Chimney Rock, suggesting that the officer had little time to observe appellant’s
swerving.
          We disagree with appellant that the evidence was “indisputable” that appellant
was stopped because he swerved as he entered the freeway or because he was drifting
within his own lane on Chimney Rock. To the contrary, the evidence was disputed. 
Officer Egdorf responded unequivocally that he did not stop appellant because of
appellant’s driving. Rather, Officer Egdorf testified that appellant’s driving prompted
him to run a computer check that revealed appellant had an expired vehicle
registration and outstanding traffic warrants. According to Officer Egdorf, he did not
initiate the stop until after the computer results came back. We do not agree that
Officer Egdorf’s remarks on the videotape necessarily indicate that he stopped
appellant because he saw him swerve as he entered the freeway.



          In sum, it was the role of the trial court, as the finder of fact, to judge Officer
Egdorf’s credibility and to decide the weight to be given to his testimony and to the
other evidence. See Romero, 800 S.W.2d at 543. Here, the trial court did not make
explicit findings of historical facts, so we review the evidence in a light most
favorable to the trial court’s ruling and assume that the trial court made implicit
findings of fact supported in the record. Balentine, 71 S.W.3d at 768. In reviewing
the evidence in the light most favorable to the trial court’s ruling, we conclude that
the trial court believed Officer Egdorf’s testimony. Consequently, the trial court
found that the stop was based on the computer information received by Officer
Egdorf that appellant’s registration was expired and that appellant had outstanding
warrants.


 See id. We also conclude that such implied finding was reasonably
supported by the record. See id. 
B.      Probable Cause Not Required for Stop
          Appellant also contends that “the State responded to the motion to suppress by
arguing that, despite the driving facts, there was probable cause for the traffic offense
of expired registration. Therefore, the State had the burden to prove that the
warrantless stop was based upon the commission of the traffic offense.” Appellant
points out that the State “produced no government record or computer printout
corroborating [Officer Egdorf’s] claim that in the 15–20 second period in which he
observed Appellant and activated his lights, he completed a check of the license plate
number.” Appellant further asserts that “[p]robable cause for the alleged traffic
violation did not exist until after the stop was completed and the officer approached
Appellant’s vehicle to observe the front windshield.” 
          Here, the State was not required to establish probable cause for the stop. 
Circumstances short of probable cause to arrest may justify a temporary detention for
the purpose of investigation. Icke v. State, 36 S.W.3d 913, 915 (Tex. App.—Houston
[1st Dist.] 2001, pet. ref’d) (citing Daniels v. State, 718 S.W.2d 702, 704–05 (Tex.
Crim. App. 1986)). That is, an officer may approach a person for the purpose of
investigating possible criminal behavior, even without probable cause to make an
arrest. Terry v. Ohio, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880–81 (1968). A person may
be stopped to determine that person’s identity or to obtain more information about a
given situation. See Hoag v. State, 728 S.W.2d 375, 380 (Tex. Crim. App. 1987).
Nonetheless, the officer must have specific, articulable facts which, in light of his
experience and personal knowledge, together with attendant inferences, would
warrant a detention. See Gurrola, 877 S.W.2d at 302.
          Officer Egdorf testified that he had received information over his patrol car’s
computer that the registration of the vehicle appellant was driving was expired and
that appellant had outstanding warrants. Based on that information, it was reasonable
for Officer Egdorf to stop appellant to determine whether the registration was in fact
expired and whether appellant was the person named in the outstanding warrants. See
Hurtado v. State, 881 S.W.2d 738, 742 (Tex. App.—Houston [1st Dist.] 1994, pet.
ref’d). To authorize him to stop appellant’s vehicle, Officer Egdorf’s reasonable
suspicion did not need to rise to the level of probable cause that appellant was
operating a vehicle with expired registration or that he was the subject of outstanding
warrants. See id.
          Here, no government record or computer printout was introduced because
neither the expired registration nor the outstanding warrants was ultimately the basis
for appellant’s arrest. See id. Whether Officer Egdorf was telling the truth about
receiving the information over the computer before he initiated the stop was a
credibility assessment properly handled by the trial court as the fact finder. See
Romero, 800 S.W.2d at 543. The lack of any documentation was but a factor for the
trial court to consider in weighing Officer Egdorf’s credibility. 
          We hold that appellant has not shown that the trial court abused its discretion
in denying his motion to suppress. 
          We overrule appellant’s first, second, and third issues.
Conclusion
          We affirm the judgment of the trial court.




                                                   Laura Carter Higley
                                                   Justice

Panel consists of Justices Taft, Higley, and Bland

Do not publish. Tex. R. App. P. 47.2(b).