In reviewing a trial court's ruling on a motion to suppress, we apply
the bifurcated standard of review articulated in > Guzman v









Opinion issued December 4,
2008

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-01072-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MARIA GABRIELA RINCON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from County Criminal Court at Law No. 9

Harris County, Texas

Trial Court Cause No. 1472945

 

 



MEMORANDUM
OPINION

 

          After the trial court denied her
motion to suppress, appellant Maria Gabriel Rincon pleaded guilty to the
offense of driving while intoxicated, enhanced with a 




prior conviction for driving while
intoxicated. Tex. Penal Code Ann.
§ 49.04 (Vernon 2003). In accord with her plea bargain, the trial court
sentenced Rincon to one year in jail, suspended the sentence, placed her on
community supervision for two years, and assessed a fine of $500. Rincon
contends first that the trial court erred in denying her motion to suppress
because her detention was unreasonable and violated the Fourth Amendment of the
United States Constitution and article 38.23(a) of the Texas Code of Criminal
Procedure, and that her conviction should be reversed because the State’s evidence
against her was seized following that illegal stop and detention.  Second,
Rincon complains that the officers who conducted the warrantless stop and
detention did not have jurisdiction to do so.  We conclude that the record
supports the trial court’s denial of Rincon’s motion to suppress and that
Rincon waived her complaint concerning the officers’ jurisdiction, and
therefore affirm. 

Background

          In August 2007, Deputy K. Stanley
of the Jasper County Sheriff’s Department, and Officer R. Davis, a member of the
Town of Corrigan Police Department, located in Polk County, were working off-duty,
handling traffic control at a road construction site on San Felipe near West
Loop 610 in Harris County, Texas.  According to their testimony, shortly after
midnight on August 9, Deputy Stanley and Officer Davis noticed Rincon’s car
heading toward them at a high rate of speed.  Deputy Stanley, using a
flashlight and hand signals, directed Rincon to slow down.  Rincon did not comply,
and instead continued speeding toward the construction site.  Deputy Stanley
quickly moved out of the way to avoid being struck.  Before coming to a stop,
Rincon crashed into several large construction barrels colored safety orange
with reflective stripes, nearly hit some construction workers who were standing
near a large hole, and then narrowly missed driving into the hole.

          After Rincon passed the
barrels and the workers, Officer Davis waved his flashlight and yelled at Rincon
to stop.  Rincon did not pull over, but finally came to a halt in the main lane
of San Felipe.  Officer Davis approached Rincon and asked her what was wrong
and whether she had not seen the barrels.  Rincon, slurring her words, replied,
“I have not done anything; I have not done anything. I don’t know why you are
doing this to me.” Rincon appeared excited and had a strong odor of alcohol on
her breath. 

Officer Davis asked Rincon to step
out of her vehicle, and she did.  Then, Officer Davis moved Rincon’s vehicle out
of the main lane of traffic.  Deputy Stanley noticed scrapes along the side of Rincon’s
vehicle.  Deputy Stanley contacted the Houston Police Department, and Rincon for
a short time waited at a nearby parking lot until the Houston police officers
arrived.

          At trial, Rincon moved to suppress
the evidence against her, challenging the legality of her stop and detention,
and her subsequent arrest.  After hearing testimony from Deputy Stanley, Officer
Davis, and Rincon, the trial court denied Rincon’s motion, concluding that Deputy
Stanley and Officer Davis had reasonable suspicion to stop and detain her.  Rincon
then pleaded guilty to driving while intoxicated and admitted to a prior
conviction for driving while intoxicated, which resulted in an enhanced
sentence. 

Discussion

All but one of Rincon’s issues
challenge the trial court’s denial of her motion to suppress. Rincon contends
that the trial court erred in denying her motion to suppress because reasonable
suspicion did not exist to stop or detain her for investigation of (1) driving
while intoxicated, (2) violating section 472.022 of the Texas Transportation
Code, or (3) breaching the peace.  Rincon also contends Article 14.03 of the Texas
Code of Criminal Procedure prohibits her stop and detention by peace officers
outside their jurisdiction.  We address these issues in turn.

Motion to suppress

          Standard of review 

In reviewing a trial court’s ruling
on a motion to suppress, we apply the bifurcated standard of review articulated
in Guzman v. State. 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We defer
to the trial court’s determination of historical facts and review de novo the
trial court’s application of the law. Carmouche v. State, 10 S.W.3d 323,
327 (Tex. Crim. App. 2000) (citing Guzman, 955 S.W.2d at 88–89). If the
issue involves the credibility of a witness, we defer to the trial court’s
ruling, as the trial court is in a better position to evaluate the credibility
of witnesses before it. Guzman, 955 S.W.2d at 87, 89. On the other hand,
if the ultimate resolution of the issue depends on application of the law to
the facts and not the credibility of a witness, we review that issue de novo.  Id. at 89.  If the trial court files no findings of fact, we view the evidence in a
light most favorable to its ruling and will uphold that ruling on any theory of
law supported by the evidence.  Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).  

In this case, testimony at the suppression
hearing presents two conflicting versions of the events surrounding Rincon’s
stop and detention. As a result, the trial court had to make a credibility
determination, and credit either the testimony of Deputy Stanley and Officer
Davis, who both testified for the State, or of Rincon.  The trial court found that
Deputy Stanley and Officer Davis had reasonable suspicion to stop and detain Rincon
and, accordingly, denied her motion to suppress.  Viewing the evidence in a
light favorable to that ruling, we credit Deputy Stanley and Officer Davis’s
account of the incident. 

          Because it is undisputed that Rincon
was stopped without a warrant, the State bears the burden to prove the
reasonableness of the warrantless detention.  See Ford v. State,
158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  An officer conducts a lawful stop
when he has reasonable suspicion to believe that the person is violating the
law. Id. A temporary detention is justified when the detaining officer
has specific articulable facts which, taken together with rational inferences
from those facts, lead the officer to conclude that the person detained is, has
been, or will soon be engaged in criminal activity.  Brother v. State,
166 S.W.3d 255, 257 (Tex. Crim. App. 2005) (citing Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884 (1968)). We disregard any subjective intent of the officer making
the stop and look solely to whether an objective basis for the stop exists.  Garcia
v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). The determination of
the presence of reasonable suspicion is a factual one and is made and reviewed
by considering the totality of the circumstances at the time of the stop.  Icke
v. State, 36 S.W.3d 913, 915 (Tex. App.—Houston [1st Dist.] 2001, pet
ref’d) (citing Loesch v. State, 958 S.W.2d 830, 832 (Tex. Crim. App.
1997)).

          Rincon contends that
reasonable suspicion did not exist to stop or detain her for investigation of
driving while intoxicated. According to the Texas Penal Code, a person commits
the offense of driving while intoxicated if she is intoxicated while operating
a motor vehicle in a public place. Tex.
Penal Code Ann. § 49.04(a) (Vernon 2003).  “Intoxicated” means not
having the normal use of mental or physical functions, by reason of the
introduction of alcohol into the body or having an alcohol concentration of
0.08 or more.  Tex. Penal Code Ann.
§ 49.01(2) (Vernon 2003). 

Officer Davis testified that many establishments
selling alcohol operated in the area around the construction site.  Officer
Davis explained that, given the late hour and the location, he stopped Rincon after
her observing her driving dangerously because he was concerned about possible
intoxication.  As a trained police officer with twenty years’ experience with
the Corrigan Police Department, Officer Davis has dealt with intoxicated drivers
on many occasions.  Based on his training and experience, Officer Davis attributed
Rincon’s bad driving to possible intoxication.  

Officer Davis testified that he
decided to detain Rincon after his initial conversation with her, during which
she appeared excited, slurred her speech, and had a strong odor of alcohol on
her breath.  Officer Davis also thought that he saw an open container in her
vehicle.  Deputy Stanley testified that he, too, smelled alcohol on Rincon’s
breath and noticed her slurred speech before he called the Houston Police
Department.  Like Officer Davis, Deputy Stanley has dealt with intoxicated
persons and intoxicated drivers on many occasions in his nine years as a peace
officer. 




In reviewing the totality of the
circumstances surrounding Rincon’s stop and detention, we find articulable
facts—namely, Rincon’s erratic driving, the time and place of the incident, the
smell of alcohol on her breath, and her slurred speech—that reasonably could
have led Officer Davis and Deputy Stanley to suspect that Rincon was driving
while intoxicated in violation of the Texas Penal Code, and thereby justified
their stop and detention of Rincon.[1]  See Cook v. State, 63 S.W.3d 924, 929 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (holding
that defendant’s erratic driving—leaving bar at considerable rate of speed,
pulling into gas station and leaving within 10 to 15 seconds, driving all over
unmarked road, and constantly weaving across broken traffic lines—supported
finding of reasonable suspicion of driving while intoxicated); Gajewski v.
State, 944 S.W.2d 450, 453 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (holding
that reasonable suspicion existed to stop defendant for driving while
intoxicated where driver was observed weaving across both solid and broken
lines dividing traffic); Ortiz v. State, 930 S.W.2d 849, 853, 856 (Tex.
App.—Tyler 1996, no pet.) (holding that reasonable suspicion existed to stop
defendant for driving while intoxicated where defendant struck stripes on both
sides of lane two or three times while weaving and ran car onto grassy median). 


Jurisdiction of Peace Officers

Rincon further contends that Deputy
Stanley and Officer Davis unlawfully stopped and detained her because both officers
had no jurisdiction to act in Harris County pursuant to article 14.03 of the
Texas Code of Criminal Procedure.  Rincon did not, however, move to suppress
the evidence on this basis or otherwise object to the officer’s testimony of
the events leading to her arrest.  We hold that Rincon waived this issue by
failing to present it to the trial court in a timely manner.  See Tex. R. App. P. 33.1. 

Conclusion

          The record supports the
trial court’s conclusion that a reasonable suspicion existed to stop and detain
Rincon for investigation of driving while intoxicated and thus, we conclude
that the trial court did not err in denying her motion to suppress.  




We further conclude that she waived
any complaint as to the officers’ out‑of‑county status by failing
to object in the trial court.  Accordingly, we affirm the judgment of the trial
court. 

                                                          

                                                          Jane
Bland 

                                                          Justice

 

Panel consists of Justices Hanks,
Bland, and Wilson.[2]

 

Do not publish. See Tex. R. App. P. 47.2(b). 

 

 

 

 

 









[1]We must uphold the trial court’s ruling on any theory
of law supported by the evidence.  Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005).  Because we hold that the officers were justified in
detaining Rincon based on their reasonable suspicion that she was driving while
intoxicated, we need not reach Rincon’s contentions that reasonable suspicion
did not exist to stop or detain her for violating the Texas Transportation
Code, or for breaching the peace. Tex.
Transp. Code Ann. § 472.022 (Vernon 2007); see Miles v. State,
241 S.W.3d 28, 42 (Tex. Crim. App. 2007) (holding that officer justified in
making warrantless arrest of person who commits misdemeanor within his presence
or view if evidence shows that person’s conduct poses threat of continuing
violence or harm to self or public).  

 

 

 





[2] The Hon. Davie L. Wilson, retired Justice, First Court of Appeals,
participating

by assignment.