**AFFIRM; and Opinion Filed October 16, 2017.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-16-01347-CR**

**JUSTIN WAYNE SHIPP, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-83656-2016**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Boatright
Opinion by Justice Lang-Miers

Appellant Justin Wayne Shipp was charged with driving while intoxicated. After the trial court denied his pretrial motion to suppress, appellant entered a plea of guilty and was sentenced, in accordance with a plea bargain agreement, to seven days in the Collin County jail. Appellant does not challenge the validity of the guilty verdict, but limits his appeal to the trial court's denial of his motion to suppress. We affirm.

**Background**

Appellant filed a pretrial motion to suppress and the trial court held a hearing on the motion. The sole witness at the hearing was McKinney Police Department corporal John Fuller, the law enforcement officer who had initiated the traffic stop that resulted in appellant's arrest for driving while intoxicated.

Fuller testified that around 1:00 a.m. on March 17, 2016, he was driving northbound on the east frontage road of 75/North Central Expressway when he heard squealing tires coming from a nearby parking lot just northeast of the intersection he was approaching. Fuller saw a little pickup truck exit the parking lot at what he observed to be a "pretty high rate of speed." Fuller got behind the truck, tried to catch up to it, and endeavored to activate his radar in order to get the speed "locked" on it. While the radar flashed the number sixty-six for a "split second," Fuller was ultimately unable to get a radar lock on the truck's exact speed. He testified that, based on his training and experience as a certified police officer, he estimated the truck's speed to be fifty-seven to sixty miles per hour. The posted speed limit on that road was fifty miles per hour.

The truck accelerated quickly and turned into a parking lot adjacent to some closed businesses. Fuller initially believed the driver of the truck failed to signal before making this turn. When Fuller later reviewed the video from his in-car camera he saw that the truck's turn signal came on for what he described as a "brief moment" before making the turn. Fuller testified that a driver is required to signal for 100 feet before making a turn, but Fuller did not testify as to the exact distance the truck travelled between the time the turn signal was activated and the turn was made.

Based on Fuller's observation of speeding and the failure to signal, he initiated a traffic stop of the truck. Fuller made contact with the driver, whom he identified as appellant. Fuller told appellant about "the speeding," but did not tell him about the perceived failure to signal. Appellant told Fuller that he thought the speed limit on that road was forty-five miles per hour and admitted he was driving at a speed between fifty and fifty-five miles per hour.

At the conclusion of the hearing, the trial court denied appellant's motion to suppress. In support of its ruling the trial court issued written findings of fact and conclusions of law. Appellant brought this appeal alleging that, contrary to the trial court's findings, Fuller's

testimony regarding his observations prior to stopping appellant did not contain sufficient specific articulable facts to provide reasonable suspicion so as to justify the stop. Appellant also alleges that the Texas Constitution should be interpreted to provide greater protection than does the United States Constitution in appellant's case.

**Applicable Law and Standard of Review**

To justify a traffic stop, a law enforcement officer must have reasonable suspicion. *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011). Reasonable suspicion exists when an officer is aware of specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a person has engaged in, is engaging in, or soon will be engaged in criminal activity. *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012). The reasonable suspicion standard is objective, requiring only "some minimal level of objective justification" for the stop. *Id.*; *see also Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). Whether the facts known to the officer amount to reasonable suspicion is a mixed question of law and fact subject to de novo review. *Hamal,* 390 S.W.3d at 306.

When reviewing a trial court's ruling on a motion to suppress, appellate courts apply an abuse of discretion standard and overturn a trial court's ruling only if it is outside the "zone of reasonable disagreement." *Martinez v. State,* 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). When the trial court makes explicit findings of fact, as it did in this case, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings. *State v. Kelly,* 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). The trial court's legal conclusions are reviewed de novo unless its explicit fact findings supported by the record are also dispositive of the legal ruling. *Id.*

–3–

**Traffic Violation**

It is well settled in Texas that a traffic violation committed in an officer's presence is sufficient to authorize an initial traffic stop. *See Walter v. State,* 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *Armitage v. State*, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); *see also Whren v. United States*, 517 U.S. 806, 810 (1996) (holding that the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred). The criminal activity relied on by the State to support the traffic stop was the violation of driving at an unsafe speed, TEX. TRANSP. CODE ANN. § 545.351, as well as the failure to signal a turn. *Id*. § 545.104. The issue before the trial court was whether Fuller had reasonable suspicion that appellant had violated at least one traffic law. *Howard v. State,* 888 S.W.2d 166, 171–73. (Tex. App.—Waco 1994, pet. ref'd); *Smith v. State*, No. 05-96-00765-CR, 1998 WL 46736, at *2 (Tex. App.—Dallas Feb. 6, 1998, no pet.) (not designated for publication).

*Speeding*

The Texas Transportation Code provides that a person commits an offense if he drives at a speed greater than is reasonable and prudent under the circumstances. *See* TEX. TRANSP. CODE ANN. § 545.351(a) (West 2011). A speed in excess of the limits established in the Transportation Code is prima facie evidence that the speed is neither reasonable nor prudent and is unlawful. *Id*. § 545.352(a).

Here, appellant alleges that Fuller's testimony concerning appellant's speed was too conclusory to establish the existence of reasonable suspicion because it was based on his estimate of appellant's speed rather than the more reliable use of his radar. Appellant relies on *Ford v. State*, 158 S.W.3d 488, 491 (Tex. Crim. App. 2005), in which an officer testified that he saw the defendant's vehicle "following too close" behind another vehicle. *Id.* The Court of

Criminal Appeals held that this testimony was too conclusory to support the stop because there were no facts in the record "allowing an appellate court to determine the circumstances upon which [the officer] could reasonably conclude that Ford actually was, had been, or soon would have been engaged in criminal activity." *Id.* at 493.

We conclude that *Ford* is distinguishable. Unlike in *Ford*, in this case Fuller provided specific, articulable facts supporting his decision to stop appellant. The trial court's findings detail Fuller's observations that appellant was driving faster than the fifty miles per hour speed limit on that road, that Fuller was trained in estimating the speed at which a vehicle was traveling and, further, that Fuller was qualified to give testimony regarding his estimation of that speed. The trial court found Fuller's testimony to be credible and worthy of belief. The court also found that the radar equipment in Fuller's vehicle registered the speed of appellant's vehicle to be sixty-six miles per hour prior to Fuller's stopping appellant's vehicle, even though Fuller was unable to get a "radar lock."

The record supports the trial court's factual findings that Fuller used his training and experience as a certified Texas peace officer to visually estimate appellant's speed to be in excess of the posted speed limit of fifty miles per hour. An officer need not know the exact speed of a vehicle and, further, the use of radar is not mandatory to establish the speed of a vehicle as the law does not require that level of precision to justify a traffic stop. *See Dillard v. State*, 550 S.W.2d 45, 53 (Tex. Crim. App. 1977) (holding that observation of speeding violation provided probable cause to authorize a traffic stop and rejecting a contention that an officer must know the exact speed at which the defendant was traveling to prove a speeding violation); *Icke v. State*, 36 S.W.3d 913, 915–16 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (finding that reasonable suspicion was shown by the arresting officer's testimony that he formed the opinion that the defendant was speeding based upon his experience and without the use of radar and the use of

radar was not required to show reasonable suspicion); *Nnamani v. State*, No. 02-15-00429-CR, 2016 WL 6803384, at *6 (Tex. App.—Fort Worth Nov. 17, 2016, no pet.) (not designated for publication) (holding that an officer's estimation that a defendant's speed was above the speed limit was sufficient to justify a traffic stop); *Deramus v. State*, No. 02–10–00045–CR, 2011 WL 582667, at *3 (Tex. App.—Fort Worth Feb. 17, 2011, no pet.) (not designated for publication) (holding an officer's testimony that he estimated a vehicle was going ten miles over the speed limit based on his experience of viewing vehicles in the particular intersection was sufficient and finding there is no statutory requirement that an officer always use radar to confirm a vehicle's speed).

We conclude that the trial court did not err in concluding that the traffic stop was valid because Fuller had reasonable suspicion that appellant was driving the truck at an excessive, unlawful rate of speed. As a result, we further conclude that the trial court's denial of the motion to suppress was not an abuse of discretion.

*Failure to Signal*

Appellant also urges this Court to conclude that Fuller lacked reasonable suspicion to stop appellant for failing to properly signal a turn. Appellant bases his argument on the video taken by Fuller's in-car camera, which does show the turn signal, and on Fuller's testimony wherein he admitted that after he reviewed the video Appellant's turn signal came on for a "brief moment" before he made the turn.

Even if appellant is correct in his assertion that the evidence is insufficient to provide Fuller with reasonable suspicion to initiate a stop on the basis of an improper turn signal, our ultimate holding would not be altered. Because we have concluded that Fuller had reasonable suspicion to stop appellant for speeding, we need not address this issue.

**Texas Constitution**

Appellant also argues on appeal that the Texas Constitution provides greater protection than the United States Constitution in situations where an officer cannot offer specific, articulable facts to justify a stop based on reasonable suspicion. The State responds that appellant has failed to preserve this argument for appellate review because he did not make this argument to the trial court. We agree with the State.

In his written motion to suppress, trial counsel alleged that Fuller, by stopping appellant, had violated both the United States and Texas Constitutions. U.S. CONST. amends IV and XIV; TEX. CONST. art. I § 9. Counsel did not, however, argue in that motion, or at the suppression hearing, that the Texas Constitution provides any greater protection than does the Fourth Amendment to the United States Constitution to the issues presented by this case.

To preserve error for appellate review, the record must establish that the request or objection made in the trial court "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). All error, even constitutional error, may be waived by the failure to properly put the trial court on notice of the objection or request. *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005). Preservation of error requirements apply to claims relating to the Texas Constitution. *See Pena v. State,* 285 S.W.3d 459, 464–65 (Tex. Crim. App. 2009). While no particular words or formalistic phrases are required to preserve an error, the objecting party must still put the trial judge on notice as to what he wants, why he thinks he is entitled to it, in a clear enough manner for the judge to understand him at a time when the judge is in the proper position grant relief. *Id*. at 464. Additionally, arguments on appeal must comport to the objections or requests made at trial to preserve the issue for appellate review. *Clark v. State*, 365 S.W.3d 333,

339 (Tex. Crim. App. 2012). Appellant's failure to articulate any arguments, either in his written motion to suppress or in arguments to the trial court, does not preserve his constitutional argument for appellate review.

But even if error was preserved, the Court of Criminal Appeals has held that when a seizure occurs, Article I § 9 of the Texas Constitution is generally interpreted the same as the Fourth Amendment to the United States Constitution because both constitutional provisions protect the same right to the same degree. *See Hankston v. State*, 517 S.W.3d 112, 121 (Tex. Crim. App. 2017), *pet. for cert. filed*, No. 17-6213 (U.S. Jul. 10, 2017); *Johnson v. State,* 912 S.W.2d 227, 235–36 (Tex. Crim. App. 1995). We conclude that the trial court's ruling denying appellant's motion to suppress is reasonably supported by the record and applicable law. We resolve appellant's sole issue against him and affirm.

## Conclusion

We overrule appellant's sole issue and affirm.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

161347F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUSTIN WAYNE SHIPP, Appellant

No. 05-16-01347-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 4, Collin County, Texas
Trial Court Cause No. 004-83656-2016.
Opinion delivered by Justice Lang-Miers.
Justices Brown and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of October, 2017.