COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




JOSE A. IBARRA,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00211-CR

Appeal from the

County Court at Law No. 1

of El Paso County, Texas 

(TC# 20030C19192) 





O P I N I O NAppellant Jose A. Ibarra appeals from his conviction for the offense of driving while
intoxicated. In his sole issue, Appellant argues the trial court erred in overruling his motion to
suppress. We affirm.
FACTUAL BACKGROUND
            On December 24, 2003, at approximately 12:30 a.m., El Paso Police Sergeant Enrique
Alejandro Quintanilla, Jr. was on duty when he noticed an automobile driven by Appellant fail to
“yield” at a stop sign. Sergeant Quintanilla then attempted to initiate a traffic stop by flashing his
overhead patrol car lights. Appellant did not respond to Sergeant Quintanilla’s flashing lights and
continued on his route for approximately fifteen to twenty seconds after the officer first attempted
to initiate the traffic stop. Prior to pulling over, Appellant failed to “yield” at a second stop sign.
            After Appellant did pull over, Sergeant Quintanilla approached his car and asked for his
driver’s license and proof of insurance. The officer noticed that Appellant’s eyes were bloodshot,
his speech was slurred, his breath smelled of alcohol, and he fumbled through papers while looking
for his driver’s license and proof of insurance. In addition, when Appellant exited his vehicle,
Sergeant Quintanilla noticed that he had poor balance.
            Sergeant Quintanilla then asked Appellant to perform three standardized field sobriety tests
(horizontal gaze nystagmus, walk and turn, and one-leg stand). During the horizontal gaze
nystagmus test, Appellant would not comply with the instructions to follow the light with his eyes
only and continued to move his head. During the walk and turn test, Appellant failed to touch his
heel to his toe, made an improper turn, took the incorrect number of steps, and used his arms for
balance. During the one-leg-stand test, Appellant swayed, used his arms for balance, counted
incorrectly, and put his other foot down. After failing the standard field sobriety tests, Appellant was
placed under arrest for driving while intoxicated. Appellant was transported to the Central Regional
Command and an intoxilyzer test was administered. The results of the intoxilyzer indicated the
sample was defective, and a videotape of Appellant was made.
            As a result of his arrest, Appellant was charged by information with driving while
intoxicated. Prior to trial, Appellant moved to suppress all evidence resulting from the traffic stop. 
After a hearing, the trial court denied Appellant’s motion , and he entered a plea of guilty. Pursuant
to a plea agreement, the trial court sentenced Appellant to 180 days’ confinement in the El Paso
County Jail, probated to fifteen months. In addition, the trial court assessed a fine of $1,000,
probated to $500, and Appellant was ordered to pay court costs of $396. Appellant timely filed his
notice of appeal, and the trial court certified his right of appeal.
STANDARD OF REVIEW
            In reviewing a trial court’s ruling on a motion to suppress, we apply a bifurcated standard of
review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). At the suppression
hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the
weight to be given their testimony and may accept or reject all or any part of a witness’s testimony. 
State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Accordingly, we do not engage in our
own factual review of the trial court’s decision. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim.
App. 1990). We give almost total deference to the trial court’s rulings on questions of historical fact
and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. 
Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002). On the other hand, mixed
questions of law and fact that do not turn on the credibility and demeanor of a witness are reviewed
de novo. Id.
            When the trial court does not file any findings of fact, as here, we review the evidence in the
light most favorable to the trial court’s ruling. Torres v. State, 182 S.W.3d 899, 902 (Tex. Crim.
App. 2005). We will assume that the trial court made implicit findings of fact that support its ruling,
as long as those findings are supported by the record. Id. We will uphold the trial court’s ruling if
it is correct on any theory of law applicable to the case. Ross, 32 S.W.3d at 855-56.
DISCUSSION
            In his sole issue, Appellant complains that the trial court erred in overruling his motion to
suppress because the State failed to present any evidence which would constitute a violation of Tex.
Transp. Code Ann. § 544.010


 (Vernon 1999). Specifically, Appellant argues that Sergeant
Quintanilla did not possess sufficient, articulable facts, which amounted to a reasonable suspicion,
that Appellant had committed a traffic offense. Therefore, the Appellant argues, the resulting traffic
stop was unlawful, and the trial court erred in overruling his motion to suppress. We disagree.
            An officer’s temporary detention of an individual is lawful, if based on a reasonable
suspicion that he is violating the law. Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). 
Reasonable suspicion exists if the officer has specific, articulable facts which, when combined with
rational inferences from those facts, would lead him to reasonably conclude that a particular person
actually is, has been, or soon will be engaged in criminal activity. Id. Whether an officer has such
reasonable suspicion to make an investigatory stop must be based on an objective standard, and we
must consider the totality of the circumstances at the time of the stop. Garcia v. State, 43 S.W.3d
527, 530 (Tex. Crim. App. 2001); Icke v. State, 36 S.W.3d 913, 916 (Tex. App.--Houston [1st Dist.]
2001, pet. ref’d).
            Contrary to Appellant’s contention, there is no requirement that a particular statute actually
be violated in order to give rise to reasonable suspicion. See McQuarters v. State, 58 S.W.3d 250,
255 (Tex. App.--Fort Worth 2001, pet. ref’d). Rather, an officer need have only a reasonable basis
for suspecting that a person has committed a traffic offense in order to initiate a legal traffic stop. 
See id. Thus, at a suppression hearing, the State is not required to show a traffic offense was actually
committed, but only that the officer reasonably believed a violation had occurred. See id.
            In this case, Sergeant Quintanilla’s report stated in pertinent part that:
THE DEFENDANT FAILED TO YEILD [sic] AT THE STOP SIGN (CEBADA &
PERA). THE DEFENDANT THEN CONTINUED WEST BOUND ON PERA. 
SGT. QUINTANILLA INITIATED A TRAFFIC STOP, BUT THE DEFENDANT
CONTINUED WEST ON PERA & APPROACHED ESTRELLA. THE
DEFENDANT ALSO FAILED TO YIELD AT THE STOP SIGN ON PERA &
TURNED NORTH ON ESTRELLA.

            Sergeant Quintanilla also testified at the suppression hearing. He stated that on the night in
question, he observed Appellant fail “to yield right-of-way at a stop sign.” When the State then
asked Sergeant Quintanilla whether he had “observed the vehicle to fail to stop at a stop sign,” he
answered in the affirmative. Sergeant Quintanilla also stated that, after he attempted to initiate a
traffic stop by turning on his patrol lights, Appellant “continued westbound and approached Estrella. 
At Estrella, [Appellant] failed to yield right-of way at that stop sign, also.”
            The State only needed to elicit testimony that Sergeant Quintanilla knew sufficient facts to
reasonably suspect that Appellant had violated a traffic law. McQuarters, 58 S.W.3d at 255. When
Sergeant Quintanilla testified at the suppression hearing that he had observed Appellant fail to stop
at two stop signs, the State met its burden.


 See Tex. Transp. Code Ann. § 545.151(a)(1) (Vernon
Supp. 2006); see also Lemmons v. State, 133 S.W.3d 751, 756 (Tex. App.--Fort Worth 2004, pet.
ref’d) (a violation of a traffic law committed in view of a police officer is sufficient justification for
a traffic stop). After reviewing the record and considering the totality of the circumstances, we
believe that Sergeant Quintanilla had reasonable suspicion to stop and detain Appellant. We
conclude that the trial court did not abuse its discretion in overruling Appellant’s pretrial suppression
motion. Appellant’s sole issue is overruled.
DISPOSITION
            We therefore affirm the trial court’s judgment.
                                                                        KENNETH R. CARR, Justice
February 28, 2007

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)