

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-412-CR**

MICHAEL JOHN KLEPPER                                     APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

## FROM THE COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In one point, Appellant Michael John Klepper appeals his misdemeanor conviction for driving while intoxicated (DWI). Klepper argues that the trial court erred by denying his motion to suppress. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

The only evidence that the trial court considered at Klepper's suppression hearing was North Richland Hills Police Officer D. Cullins's offense report, submitted into evidence by Klepper.[2] The report contained the following facts:

- On August 24, 2007, at about 12:40 a.m., Officer Cullins observed Klepper's red 2005 Hummer H2 stopped at a red light in the middle of the intersection at Boulevard 26 and Harwood Road in Tarrant County, Texas;

- "The vehicle had completely stopped past the limit line in the intersection[,] partially in the left turn lane and partially in the inside lane";

- Officer Cullins turned his patrol unit around and pulled up behind Klepper's vehicle;

- Klepper started backing up towards the patrol car and then turned left when the intersection light turned green; and

- After Officer Cullins initiated a traffic stop, he stated in his report, "Subject admitted to being parked in the middle of the roadway and said he was waiting for [Officer Cullins's] patrol car to pass b[y] him so he could move out of the intersection."

Officer Cullins's report also stated that, upon approaching Klepper's vehicle, Officer Cullins smelled a strong odor of alcohol and observed that Klepper had bloodshot, watery eyes and slurred speech. Klepper informed

---

[2] After the trial court denied his motion to suppress, Klepper pleaded guilty pursuant to a plea agreement but preserved his pretrial objections for appeal. The trial court sentenced Klepper to forty days' confinement and ordered him to pay a $750 fine.

Officer Cullins that he was driving home from Bellbottoms, a local bar, where he had consumed three "Schooners." After Klepper failed a field sobriety test, Officer Cullins placed Klepper under arrest for DWI. Klepper refused requests for breath or blood specimens.

### III. Motion to Suppress

In Klepper's sole point, he contends that the trial court erred by overruling his motion to suppress because there was insufficient evidence to support that Officer Cullins reasonably believed that a traffic violation had occurred.

### A. Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). Therefore, we give almost total

3

deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

Stated another way, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When, as here, the record is silent on the reasons for the trial court's ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *see Wiede*, 214 S.W.3d at 25. We then review the trial court's legal

4

ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling. *Kelly*, 204 S.W.3d at 819.

We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

## B. Applicable Law

A police officer has the authority to stop and temporarily detain a driver who has violated a traffic law. *Armitage v. State*, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); *Lemmons v. State*, 133 S.W.3d 751, 756 (Tex. App.—Fort Worth 2004, pet. ref'd). An automobile stop is justified when an officer has reasonable suspicion to believe that a traffic violation has occurred. *Goudeau v. State*, 209 S.W.3d 713, 716 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Reasonable suspicion exists if the officer has specific, articulable facts which, combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007).

The rules of the road contained in the Texas Transportation Code require the operator of a vehicle facing only a steady red signal to stop at a clearly marked stop line. Tex. Transp. Code Ann. § 544.007(d) (Vernon 2008). Additionally, an operator of a vehicle may not stop, stand, or park in an intersection. *Id*. § 545.302(a)(3) (Vernon 2008).

**C. Analysis**

In Klepper's sole point, he contends that the trial court erred by overruling his motion to suppress. Specifically, Klepper argues that although Officer Cullins's report stated that Officer Cullins had observed Klepper's vehicle stopped past the marked stop line and "partially in the left turn lane and partially in the middle lane," the report failed to state whether Officer Cullins reasonably believed that these actions were violations of the traffic code and further that these actions were, in fact, violations of the traffic code. To support his argument, Klepper directs our attention to *State v. Tarvin*, 972 S.W.2d 910 (Tex. App.—Waco 1998, pet. ref'd), and *Ford v. State*, 158 S.W.3d 488 (Tex. Crim. App. 2005).

In *Tarvin*, the trial court found, and the appellate court agreed, that touching the right-hand white line did not constitute weaving out of one's lane. *Tarvin*, 972 S.W.2d at 911–12. Such driving by Tarvin—which showed only weaving within his own lane—did not provide reasonable suspicion of a traffic

6

violation. *Id*. at 912. The evidence did not support a finding that the officer had a reasonable belief that Tarvin had violated the Texas Transportation Code. *Id*. Therefore, because there was no reasonable suspicion for a detention and no evidence of a traffic violation, the court of appeals affirmed the trial court's suppression ruling. *Id*.

In *Ford*, the officer stopped the vehicle for following another vehicle too closely. *Ford*, 158 S.W.3d at 490. The statute in *Ford*—section 545.062(a) of the Texas Transportation Code—lists factors to consider in determining a violation, including the speed of the vehicles, traffic, the conditions of the highway, and whether the driver could safely stop. *Id*. The officer's statement that he saw Ford "following too close" was held to be conclusory because there was no testimony of objective facts or circumstances that would allow the appellate court to determine whether the officer's conclusion was objectively reasonable. *Id*. at 493–94.

*Tarvin* and *Ford*, however, are both distinguishable from the present case. Here, the determination of a violation of sections 544.007(d) and 545.302(a)(3) is not based on an officer's subjective opinion. On the contrary, Officer Cullins's statements that Klepper had stopped completely past the limit line at a red light and that Klepper's vehicle was parked in the middle of the intersection, and Klepper's own admission, documented in the report, that he

7

had been parked in the middle of the roadway, were objective observations upon which the trial court could have concluded Officer Cullins developed the reasonable suspicion that Klepper had committed one or more traffic violations.

Furthermore, Klepper's contention—that there was no reasonable suspicion because Officer Cullins failed to state in his report that he reasonably believed that Klepper's actions were violations of the law and failed to state the exact provision Klepper had violated—is irrelevant, because we disregard any subjective intent of the officer making the stop and look solely to whether an objective basis for the stop exists. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). The determination of the presence of reasonable suspicion is a factual one and is made and reviewed by considering the totality of the circumstances at the time of the stop. *See id.*; *Icke v. State*, 36 S.W.3d 913, 915 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). Therefore, viewing the evidence in the light most favorable to the trial court's ruling, we hold that the trial court properly found that Officer Cullins had reasonable suspicion to stop Klepper and furthermore that the trial court did not err by denying Klepper's motion to suppress. Accordingly, we overrule Klepper's sole point.

## IV. Conclusion

Having overruled Klepper's sole point, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 12, 2009