WRIGHT *v.* SKELTON.

Opinion delivered February 27, 1928.

1. PLEADING—AMENDMENT OF COMPLAINT—WAIVER OF OBJECTION.—
In a suit in ejectment, where the plaintiff filed an amended complaint changing the nature of the action from one in ejectment to one of unlawful detainer, and defendant made no objection thereto, but consented to proceed to the trial of the cause, he waived the objection to change of issues in the action.

2. PLEADING—AMENDMENT OF COMPLAINT—EVIDENCE.—In a suit in an action of ejectment, where plaintiff amended his complaint by asking relief in unlawful detainer and the cause was submitted on the issue whether a contract of sale had been superseded by an oral agreement establishing the relation of landlord and tenant, *held* that the admission of testimony showing the relationship of landlord and tenant under an oral agreement was not error.

Appeal from Crawford Circuit Court; *J. O. Kincannon*, Judge; affirmed.

*Chastain & Taylor*, for appellant.

*D. H. Howell*, for appellee.

HUMPHREYS, J. Appellee instituted suit in ejectment in the circuit court of Crawford County against appellant to recover lands which he had contracted in writing to sell him for $880, payable as follows: $280 payable November 1, 1925; $300 payable November 1, 1926; $300 payable November 1, 1927. It was alleged in the complaint that appellant failed to pay the notes in 1925 and 1926, but made default, thereby forfeiting his right to possession of the lands.

Appellant filed an answer, admitting the execution of the contract and a failure to pay the notes, except a small amount thereon, due to crop failure the first year and overflow the second, and interposing as a defense against the alleged forfeiture of his right to the possession of the land the following paragraph in the contract:

"The party of the first part (appellee) agrees to let the party of the second part (appellant) have more time on notes which he can not meet."

On the day of the trial appellee was permitted to file an amended complaint, alleging that, in the spring of

1926, the contract of sale and purchase was abrogated by an oral agreement to the effect that, if appellant failed to pay the notes in 1925 and 1926, with interest, he would pay rent for the use of the lands and surrender possession thereof to appellee. Appellant filed no pleading to the amended complaint.

The cause was submitted upon the pleadings and testimony adduced by the respective parties, resulting in a verdict and consequent judgment in favor of appellee for the possession of the lands, from which is this appeal.

In the course of the trial appellant objected and saved an exception to the introduction of testimony establishing the relationship of landlord and tenant between the parties. Appellee testified, and his testimony was not contradicted, that, in the spring of 1926, he went to see appellant, and told him that he would not permit him to retain possession of the land, as he had failed to pay the note due in 1925, and if appellant was not able to pay any more he would have to turn the land back, as it was not right for him to keep the place and not pay the first note, as he had agreed to. Whereupon appellee agreed to take the land back, with the understanding that appellant might cultivate the land in 1926, and that, if he could not pay all of the notes due in the fall of 1926, he would pay crop rent and deliver up the possession of the premises at the expiration of the year to appellee. Appellee further testified that appellant failed to pay the notes or rent.

The testimony tended to show that appellant had cleared up several acres of the land, and had planted some strawberries on a part of it.

Appellant contends for a reversal of the judgment because the court permitted appellee to file an amended complaint changing the nature of the action from one in ejectment on account of an alleged forfeiture of his right to possession under the contract, to one of unlawful detainer, and in allowing appellee to introduce proof of an oral agreement in support of the allegations of his amended complaint.

The cause was submitted to the jury upon the issue tendered in the amended complaint of whether the contract for sale and purchase of the lands had been superseded by the oral agreement establishing the relationship of landlord and tenant between the parties.

When appellee failed to demur or move to strike out the amended complaint, and consented to proceed with the trial of the cause, he waived the right to object to a change of the issues in the action and to object to the introduction of testimony responsive to the issues tendered by the amended complaint.

The court did not err in admitting the testimony showing the relationship of landlord and tenant, and in sending the case to the jury upon the issue tendered by the amended complaint.

The judgment is affirmed.