**Affirmed and Memorandum Opinion filed July 23, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-01057-CV

_____

### CONNOR R. BLAND, Appellant

### V.

### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee

**On Appeal from the 12th District Court**
**Grimes County, Texas**
**Trial Court Cause No. 32522**

## M E M O R A N D U M   O P I N I O N

In this appeal, a driver challenges an administrative law judge's decision to suspend his driver's license, asserting the suspension was an unconstitutional Fourth Amendment seizure. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

A law enforcement officer initiated a traffic stop of a vehicle driven by appellant Connor R. Bland, a driver under twenty-one years of age, because

Bland's vehicle was traveling seventy-five miles per hour in a zone with a posted speed limit of seventy miles-per-hour. During the stop, the officer smelled alcohol on Bland's breath. Bland admitted consuming an alcoholic beverage the night before. The officer conducted a horizontal gaze nystagmus test and Bland exhibited no clues of intoxication. No other field-sobriety tests were performed. A portable breath test detected the presence of alcohol in Bland's system, resulting in a reading of .04. Bland's license was suspended because he was a minor and driving with a detectable amount of alcohol in his system.

Bland challenged the suspension of his driver's license and requested a hearing before an administrative law judge. Following the hearing, the administrative law judge determined that the Department of Public Safety had met its burden of proof, finding, in part, that (1) the officer had reasonable suspicion to stop Bland's vehicle based on the officer's determination that the vehicle had exceeded the speed limit; and (2) there was probable cause to arrest Bland. The administrative law judge authorized the Department of Public Safety's suspension of Bland's driver's license for sixty days.

Bland appealed the decision of the administrative law judge. A trial court judge heard oral arguments, reviewed the administrative record, determined that substantial evidence supported the administrative law judge's decision, and affirmed the administrative law judge's decision to suspend Bland's driver's license. Bland now challenges this ruling on the basis that the officer lacked probable cause or reasonable suspicion to initiate the traffic stop.

## ANALYSIS

In his first issue, Bland asserts his driver's license should not have been suspended because the evidence upon which the suspension was based was obtained in violation of the Fourth Amendment of the United States Constitution.

Bland argues that the officer lacked probable cause or reasonable suspicion to initiate the traffic stop. According to Bland, the stop was based strictly on an allegation that he was exceeding the speed limit, and the totality of the circumstances and other relevant factors known to the officer before initiating the stop prove that the speed at which Bland was driving was reasonable and prudent.

## *Standard of Review*

A driver's license is a privilege, not a right. *Texas Dep't. of Pub. Safety v. Schaejbe*, 687 S.W.2d 727, 728 (Tex. 1985). The Transportation Code authorizes the Department of Public Safety to suspend a minor's driver's license if the Department determines that the minor had any detectable amount of alcohol in his system while operating a motor vehicle in a public place. *See* Tex. Transp. Code Ann. § 524.012(b)(2) (West 2013). Bland was entitled to a hearing before an administrative law judge in which the Department was required to prove by a preponderance of the evidence the following issues, as pertinent to this case: (1) whether Bland was a minor and had any detectable amount of alcohol in his system while operating a motor vehicle in a public place; and (2) whether reasonable suspicion to stop or probable cause to arrest Bland existed. *See* Tex. Transp. Code Ann. §§ 524.031, 524.035(a)(1)(b), (a)(2) (West 2013). If the administrative law judge finds these factors, the suspension is sustained. *See id.* § 524.035(b).

A suspension affirmed by the administrative law judge may be appealed to the county court at law or a county court. *See id.* § 524.041(b) (West 2013). When, as in this case, the county judge is not a lawyer, then the case must be transferred to the district court upon the motion of either party or the judge. *Id.*

Judicial review of a decision made by an administrative law judge under chapter 524 of the Texas Transportation Code is governed by section 2001.174 of the Administrative Procedures Act. *Tex. Dep't. of Pub. Safety v. Monroe*, 983

3

S.W.2d 52, 54 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *Tex. Dep't. of Pub. Safety v. Mendoza*, 956 S.W.2d 808, 810 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Section 2001.174, entitled "Review Under Substantial Evidence Rule or Undefined Scope of Review," provides that a reviewing court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion and shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (A) in violation of a constitutional or statutory provision; (B) in excess of the agency's statutory authority; (C) made through unlawful procedure; (D) affected by other error of law; (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. Tex. Gov't Code Ann. § 2001.174 (West 2013). *See Tex. Dep't of Pub. Safety v. Cantu*, 944 S.W.2d 493, 495 (Tex. App.—Houston [14th Dist.] 1997, no writ).

Courts review an administrative law judge's suspension of driving privileges under a substantial-evidence standard of review. *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d. 128, 131 (Tex. 1999). Under this standard, the reviewing court must affirm if the administrative law judge's decision is supported by more than a scintilla of evidence. *See R.R. Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792 (Tex. 1995). Review on appeal is limited to a review of the agency record. Tex. Transp. Code Ann. § 524.043(a) (West 2013). In determining whether the administrative law judge reached the correct conclusion, the issue is whether the record contains some reasonable basis for the decision. *See Mireles*, 93 S.W.3d at 131. This court's review of the trial court's determination is

undertaken *de novo*. *Tex. Dep't of Pub. Safety v. Cuellar*, 58 S.W.3d 781, 783 (Tex. App.–San Antonio 2001, no pet.). We review questions of law without affording any deference to the trial court's conclusion. *Id.* at 784.

### *Application of the Law to the Facts*

Bland challenges whether either probable cause or reasonable suspicion justified the officer's traffic stop of Bland's vehicle. Bland asserts that even though he exceeded the speed limit by five miles, no actual traffic violation occurred because the speed was reasonable and prudent given the conditions. A law-enforcement officer lawfully may stop a motorist who commits a traffic violation. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). The decision to stop an automobile is reasonable when an officer has probable cause to believe that a traffic violation has occurred. *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000). *See Whren v. United States,* 517 U.S. 806, 810, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996).

An officer may stop and briefly detain a person suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Terry v. Ohio*, 392 U.S. 1, 22, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). A routine traffic stop is more analogous to an investigative detention than a custodial arrest, and such stops are analyzed as *Terry* stops. *Berkemer v. McCarty*, 468 U.S. 420, 439, 104 S. Ct. 3138, 82 L. Ed. 2d 317 (1984). A traffic stop and any resulting investigative detention must be reasonable under the United States and Texas Constitutions. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9.

A temporary investigative detention is reasonable, and therefore constitutional, if (1) the officer's action was justified at the detention's inception, and (2) the detention was reasonably related in scope to the circumstances that justified the interference in the first place. *Terry*, 392 U.S. at 19–20, 88 S. Ct. at

5

1878–79. We first consider whether the officer's initial stop of Bland's vehicle was justified under the first *Terry* prong. In making this determination, we consider whether there existed specific facts capable of articulation that, taken together with rational inferences from those facts, reasonably warranted that intrusion. *See id.* at 21, 88 S. Ct. at 1880. Specifically, the officer must have a reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detainee with the unusual activity, and some indication that the unusual activity is related to crime. *See Davis v. State,* 947 S.W.2d 240, 244 (Tex. Crim. App. 1997); *Josey v. State*, 981 S.W.2d 831, 838 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). Under this standard, we look to whether an objective basis for the stop existed while considering the totality of the circumstances. *See Ford*, 158 S.W.3d at 492–93.

An officer lawfully may conduct a traffic stop of a driver's vehicle if he has reasonable suspicion that a traffic violation was in progress or had been committed. *Id.* at 492; *Texas Dep't of Pub. Safety v. Gonzales*, 276 S.W.3d 88, 93 (Tex. App.—San Antonio 2008, no pet.); *Tex. Dep't of Pub. Safety v. Fisher*, 56 S.W.3d 159, 163 (Tex. App.–Dallas 2001, no pet.). Speeding is a traffic violation for which an officer may lawfully stop and detain the driver. *Tex. Dep't Pub. Safety v. Gilfeather*, 293 S.W.3d 875, 879 (Tex. App.—Fort Worth 2009, no pet.) (involving substantial evidence that justified a traffic stop of a vehicle traveling thirteen miles over the limit); *Texas Dept. of Pub. Safety v. Cortinas*, 996 S.W.2d 885, 888 (Tex.

6

App.—Houston [14th Dist.] 1998, no pet.).

The officer testified that he saw Bland's vehicle traveling over a hill, and, through use of radar equipment mounted on the front of the patrol unit, confirmed that Bland's vehicle was traveling five miles-per-hour over the posted speed limit, which was a violation of the law. The officer, in his testimony, noted the traffic conditions and the number of vehicles around Bland's vehicle as prohibiting the officer from completely viewing Bland's license plate or getting behind Bland's vehicle to initiate the traffic stop. An operator of a motor vehicle may not drive at a speed greater than is reasonable and prudent under the circumstances then existing. Tex. Transp. Code Ann. § 545.351(a) (West 2013). *See Tollet v. State*, 219 S.W.3d 593, 598 (Tex. App.—Texarkana 2007, pet. ref'd). An operator of a motor vehicle shall drive at a reduced speed as the operator is approaching a hill crest. Tex. Transp. Code Ann. § 545.351(c). Traveling at a speed in excess of the posted speed limit is prima facie evidence that a person is traveling at a speed that is not reasonable and prudent and that is unlawful. *See* Tex. Transp. Code Ann. § 545.352 (West 2011).

Even if a fact finder later might determine that Bland's speed was reasonable and prudent, that Bland was exceeding the posted speed limit supports the officer's reasonable suspicion that Bland had committed a traffic violation. *See Icke v. State*, 36 S.W.3d 913, 915–16 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) ("A stop that meets the test for reasonable suspicion is lawful even if the facts supporting the stop are ultimately shown to be inaccurate or false."). An officer need not observe all of the elements of an offense to have a reasonable suspicion that a crime has taken place. *See Myles v. State*, 946 S.W.2d 630, 634 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Based on the officer's testimony that Bland's vehicle exceeded the speed limit, even as he crested the hill, we conclude

7

there is substantial evidence to support the administrative law judge's conclusion that the officer had a reasonable belief that Bland was committing a traffic violation and that the traffic stop was justified. *See* Tex. Transp. Code Ann. §§ 545.351(a), (c); *Gilfeather*, 293 S.W.3d at 879–80; *Hesskew v. Texas Dept. of Pub. Safety*, 144 S.W.3d 189, 191–92 (Tex. App.—Tyler 2004, no pet.) (concluding that substantial evidence supported an officer's stop of a vehicle traveling fifteen miles over the speed limit).

Bland does not dispute that he was traveling five miles-per-hour over the posted speed limit. But, at the heart of Bland's argument is the assertion that speeds in excess of the posted limit are not necessarily prohibited, unreasonable, or imprudent based on the then-existing conditions. Whether Bland's speed was reasonable and prudent for the then-existing conditions is not the applicable standard in a determination as to whether a traffic stop was justified by reasonable suspicion. *See Icke*, 36 S.W.3d at 916. *See also Tollet*, 219 S.W.3d at 601 (rejecting an argument that a driver's speed was safe under then-existing conditions because, in a review of the sufficiency of the evidence, the reviewing court considers evidence in the light most favorable to the verdict and that the essential elements of the offense of speeding could be found beyond a reasonable doubt when the officer testified that the accused exceeded the posted speed limit). The Department was not required to show that a traffic offense actually was committed, but only that the officer reasonably believed that a violation was in progress or had occurred. *See Madden v. State*, 242 S.W.3d 504, 509 n.7 (Tex. Crim. App. 2007) (noting the pertinent issue is not whether accused was speeding, but whether the officer had a reasonable belief that accused was speeding and providing that police officers may be mistaken about a historical fact such as speeding, as long as that mistake was not unreasonable); *Texas Dept. of Pub.*

*Safety v. Nielsen*, 102 S.W.3d 313, 317 (Tex. App.—Beaumont 2003, no pet.) (involving substantial evidence supporting conclusion that an officer's stop was justified by reasonable suspicion when vehicle exceeded speed limit by ten to fifteen miles per hour). *See also Powell v. State*, 5 S.W.3d 369, 376–77 (Tex. App.—Texarkana 1999, pet. ref'd) (providing that justification of a stop does not necessarily require a showing of an actual violation of traffic when sufficient facts show that the officer reasonably believed a traffic violation was in progress).

Bland contends that justification for the stop rested only on the allegation of speeding and that neither the trial judge nor the administrative judge considered "actual, real" evidence that the speed was reasonable and prudent. Bland refers to the following conditions, in addition to weather conditions,[1] known to the officer before he initiated the stop as rebutting the presumption that the speed was not reasonable and prudent: daylight hours, a divided four-lane highway, other vehicles clustered with and trailing behind Bland's leading vehicle, lack of traffic ahead, and the officer's opinion that, with exception of speed, Bland did not exhibit driving that was "out of the ordinary." Even assuming *arguendo* that these conditions, as a matter of fact, would support a finding that the speed was not unreasonable or imprudent, the administrative law judge was not required to find that Bland's speeding was unreasonable and imprudent based on these conditions because the Department was not required to show that Bland committed a traffic offense. *See Madden*, 242 S.W.3d at 509 n.7; *Nielsen*, 102 S.W.3d at 317. In any event, even in light of the conditions that would favor a conclusion that Bland's

---

[1] Although Bland asks this court to take judicial notice of the weather conditions, as contained in documents appended to his appellate brief, weather conditions are not necessarily matters subject to judicial notice. *See 1.70 Acres, .20 Acres, and .28 Acres of Real Property and Structures Thereon (Mizzel) v. State*, 935 S.W.2d 480, 489 (Tex. App.—Beaumont 1996, no writ). In any event, we do not consider the documents appended to Bland's appellate brief because our review is limited to the record of the administrative hearing. *See* Tex. Transp. Code Ann. § 524.043(a).

speed was reasonable and prudent,[2] the officer was not required to ignore facts that would lead him reasonably to conclude that Bland had committed a traffic offense. *See In re J.M.*, 995 S.W.2d 838, 841 n.7 (Tex. App.—Austin 1999, no pet.) (providing that even if an accused offers exculpatory evidence that may later support a defense, an officer's probable cause to arrest is not eliminated).

Substantial evidence, even in the face of conflicting evidence, supports the administrative law judge's factual determination that the officer was justified by reasonable suspicion in initiating the traffic stop of Bland's vehicle. *See Gilfeather*, 293 S.W.3d at 880; *Nielsen*, 102 S.W.3d at 317. We overrule Bland's sole issue on appeal.

The trial court's judgment is affirmed.

/s/    Kem Thompson Frost
Justice

Panel consists of Justices Frost, McCally, and Donovan.

---

[2] For support that the speed was reasonable and prudent, Bland points to items attached in an appendix to his appellate reply brief indicating that the Texas Department of Transportation has raised the speed limit for this portion of the same highway to seventy-five miles per hour. As noted, our review of the appeal is limited to the record of the administrative hearing, and we do not consider this document. *See* Tex. Transp. Code Ann. § 524.043(a). In any event, an after-the-fact change in the speed limit would not impact the legal analysis.

10